IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
Michelle Vasquez,              )
                               )   2:11-cv-1609-GEB-EFB
            Plaintiff,         )
                               )
      v.                       )   ORDER GRANTING DEFENDANT's
                               )   MOTION TO DISMISS*
State Recovery Systems, Inc.,  )
                               )
            Defendant.         )
_____)
```

Defendant moves for dismissal of Plaintiff's verified first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). Defendant argues the motion should be granted because the FAC does not contain sufficient factual allegations to state viable claims. The FAC is comprised of a claim alleged under the federal Fair Debt Collection Practices Act ("FDCPA") and a claim alleged under the California Fair Debt Collection Practices Act ("Rosenthal Act").

When deciding a motion to dismiss a complaint, an inquiry is made into "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009)). The material allegations of the complaint are accepted as true and all

---

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1 | reasonable inferences are drawn in favor of the nonmovant. <u>Al-Kidd v.
2 | Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009). However, this tenet "is
3 | inapplicable to legal conclusions," since "[a] pleading that offers
4 | 'labels and conclusions' or 'a formulaic recitation of the elements of
5 | a cause of action will not do.' Nor does a complaint suffice if it
6 | tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"
7 | <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550
8 | U.S. 544, 555, 557 (2007)). "In sum, for a complaint to survive a motion
9 | to dismiss, the nonconclusory 'factual content,' and reasonable
10 | inferences from that content, must be plausibly suggestive of a claim
11 | entitling the plaintiff to relief." <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d
12 | 962, 969 (9th Cir. 2009) (internal citation omitted).
13 |       Plaintiff's FAC essentially comprises the following
14 | allegations: "Defendant is a debt collector as that term is defined by
15 | 15 U.S.C. 1692a(6) and Cal. Civ. Code § 1788.2(c)"; Defendant "sought to
16 | collect a consumer debt [as that term is defined by 15 U.S.C. 1692a(5)
17 | and Cal. Civ. Code § 1788.2(h)]"; "In May 2011, Defendant threatened to
18 | send Plaintiff's case to 'legal' and garnish her wages[]"; "At the time
19 | this threat was made, Defendant had not obtained a judgment against
20 | Plaintiff therefore they had no legal authority by which to garnish
21 | Plaintiff's wages[]"; Defendant violated 15 U.S.C. §§ 1692d and
22 | 1692e(4)-(5) of the FDCPA and Cal. Civ. Code sections 1788.10(e) and
23 | 1788.17 of the Rosenthal Act. (FAC ¶¶ 7-8, 11-13, 18, ECF No. 5.)
24 |       Defendant argues Plaintiff's allegations do not demonstrate
25 | that Defendant was attempting to collect a "debt" or a "consumer debt"
26 | prescribed in either Act; that Defendant qualifies as a "debt collector"
27 | prescribed in either Act; or that Defendant did anything unlawful under
28 | either Act. (Mot. 2:16-21, 5: 25-28, 6:11-13, 9:7-10:7.)

1    Plaintiff's FAC comprises only conclusory allegations that are
2 insufficient to state an actionable claim against Defendant under either
3 Act. See Lopez v. Rash & Curtis Assocs., No. 10-cv-1172, 2010 U.S. Dist.
4 LEXIS 91744, at *5-6, 2010 WL 3505079, at *2 (E.D. Cal. Sep. 3, 2010)
5 (finding that "merely mak[ing] the conclusory statement that Defendant
6 is a debt collector as defined by the FDCPA" is insufficient to state a
7 claim for relief); 15 U.S.C. §§ 1692e(4) and 1692e(5) of the FDCPA
8 (proscribing "[t]he representation or implication that nonpayment of any
9 debt will result in . . . [wage] garnishment . . . **unless such action is**
10 **lawful and the debt collector or creditor intends to take such action**"
11 and "[t]he threat to take any action that cannot be legally taken or
12 that is not intended to be taken.")(emphasis added); Cal. Civ. Code
13 section 1788.10(e) of the Rosenthal Act (proscribing "[t]he threat to
14 any person that nonpayment of the consumer debt may result in the arrest
15 of the debtor or the seizure, garnishment, attachment or sale of any
16 property or the garnishment or attachment of wages of the debtor, **unless**
17 **such action is in fact contemplated by the debt collector and permitted**
18 **by the law**")(emphasis added).

19    For the stated reasons, Defendant's dismissal motion is
20 GRANTED. However, Plaintiff is granted ten (10) days from the date on
21 which this order is filed to file a second amended complaint addressing
22 the deficiencies in her claims. Plaintiff is notified that failure to
23 file an amended complaint within the prescribed time period will result
24 in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

25 Dated:  November 30, 2011

                                _____
                                GARLAND E. BURRELL, JR.
                                United States District Judge

3